# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEREK KIRK,

    Petitioner,

vs.

CAPTAIN WHITE, et al.,

    Respondents.

Case No. 3:13-cv-00385-RCJ-WGC

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition, and the court will dismiss this action. See 28 U.S.C. § 2243.

    Petitioner used the court's form for a person in custody pursuant to a judgment of conviction of a state court. However, he alleges that he pleaded guilty in the Carson City Justice Court to drawing a weapon and harassment, both misdemeanors. The court gave petitioner a suspended sentence. He further alleges that he has been arrested, that he has withdrawn withdrew his plea of guilty, and that he will be going to trial on August 19, 2013. The court assumes that no judgment of conviction has been entered, and the court construes the petition as pursuant to 28 U.S.C. § 2241.

    In his sole ground for relief, petitioner alleges that his trial originally was scheduled for June 21, 2013. On that date, the court continued the trial until August 19, 2013. Petitioner claims that his right to a speedy trial has been violated.

    Federal courts should abstain from intervening in pending state criminal proceedings unless there are the extraordinary circumstances of a great and immediate danger of irreparable harm.

Younger v. Harris, 401 U.S. 37, 45- 46 (1971); see also Ex Parte Royall, 117 U.S. 241, 251 (1886). A court "must abstain under Younger if four requirements are met:  (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). First, criminal proceedings are ongoing in state court.  Second, prosecution of crimes is an important state interest.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44.  Third, petitioner may raise his constitutional claims in state court, in motions before the trial court, on appeal, or in a post-conviction habeas corpus petition. Fourth, if this court granted petitioner relief, it would result in the termination of his state-court criminal action, which is an action that Younger disapproves.  Because all four requirements are met, this court must abstain from considering the petition.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus.

IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated:    August 21, 2013.

_____
ROBERT C. JONES
United States District Judge